IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEVEN LAMAR WOODS, | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:21-CV-3027-L-BK |
| | § | |
| CITY OF LANCASTER TEXAS, ET AL., | § | |
| DEFENDANTS. | § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this *pro se* case was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. For the reasons that follow, this action should be **DISMISSED WITHOUT PREJUDICE** for failure to comply with court orders and for want of prosecution.

**I.    BACKGROUND**

On December 8, 2021, the Court issued a *Notice of Deficiency and Order* requiring Plaintiff to register to use the Court's electronic filing (e-filing) system. Doc. 6. The deadline for Plaintiff's response was December 30, 2021. On December 13, 2021, noting also the pleading deficiency of Plaintiff's claims, the Court ordered Plaintiff to expound on his claims by responding to its *Magistrate Judge's Questionnaire*. Doc. 7. Plaintiff's response was due on January 3, 2022. After he failed to comply, the Court extended the deadline to register to use the Court's e-filing system and answer the *Magistrate Judge's Questionnaire* to February 9, 2022. Doc. 8. The order cautioned Plaintiff that absent a showing of good cause, Plaintiff would not be

granted a further extension of the deadline.  Further, the order warned that failure to fully comply might result in the dismissal of this case under Federal Rule of Civil Procedure 41(b).  However, to date, Plaintiff has failed to respond to either of the Court's orders or sought an extension of time to do so.

The case cannot proceed further absent Plaintiff's answer to the Magistrate Judge's Questionnaire and his registration to use the Court's e-filing system.  As such, this action should be dismissed for failure to comply with court orders and for want of prosecution.

**II.     ANALYSIS**

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order.  *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998).  "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases."  *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Generally, such dismissal is without prejudice.  However, when, as here, a litigant may be barred by the statute of limitations from re-asserting his claims, a Rule 41(b) dismissal is tantamount to a dismissal with prejudice and the court is required to apply a higher standard of review.  *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).  In that instance, a court may dismiss for want of prosecution only when there is a clear record of delay or contumacious conduct by the plaintiff, and lesser sanctions would not prompt diligent prosecution or the record shows that the district court employed lesser sanctions that proved to be futile.  *Id.*  In applying this higher standard, the court must find "at least one of three aggravating factors: '(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual

prejudice to the defendant; or (3) delay caused by intentional conduct.'" *Id.*; *see also Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 441 (5th Cir. 2016) (same).

Those requisites are met here. This case has been pending for two and one-half months, and despite the issuance of two orders, Plaintiff has failed to comply with the Court's directive to register for electronic filing and answer the *Magistrate Judge's Questionnaire*. The deadline for Plaintiff's response was February 9, 2022. Because Plaintiff is representing himself, the delay caused by his failure to comply is attributable to him alone. *See Berry*, 975 F.2d at 1191. Moreover, considering his failure to answer the *Magistrate Judge's Questionnaire* and register for electronic filing, no lesser sanction will prompt diligent prosecution of this case. Indeed, the case cannot proceed further absent Plaintiff's answers to the Magistrate Judge's Questionnaire.

Under these circumstances, the Court should exercise its discretion to dismiss under Rule 41(b), even if limitations may prevent further litigation of Plaintiff's claims. *See Nottingham*, 837 F.3d at 441 (finding no abuse of discretion where district court applied higher standard of review and dismissed a *pro se* action due to intentional noncompliance with court orders).

### III. CONCLUSION

For the foregoing reasons, this action should be **DISMISSED WITHOUT PREJUDICE** for failure to comply with court orders and for want of prosecution. *See* FED. R. CIV. P. 41(b).

**SO RECOMMENDED** on February 22, 2022.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).