IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEVEN LAMAR WOODS, | § | |
| PLAINTIFF, | § | |
| | § | |
| v. | § | CIVIL CASE NO. 3:21-CV-3027-L-BK |
| | § | COURT OF APPEALS NO. 22-10501 |
| CITY OF LANCASTER TEXAS, ET AL., | § | |
| DEFENDANTS. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and the district judge's *Order of Reference*, this case is before the United States magistrate judge on the issue of whether the untimely filing of Plaintiff Steven Lamar Woods' *pro se* notice of appeal was due to excusable neglect or good cause. Doc. 13; Doc. 16. On August 12, 2022, the United States Court of Appeals for the Fifth Circuit remanded the case for a determination of whether Woods can demonstrate excusable neglect or good cause for the late filing of his notice of appeal. Doc. 15. The appellate court noted that a timely notice of appeal was due on April 20, 2022, but liberally construed Woods' late notice of appeal as a timely motion for extension under Federal Rules of Appellate Procedure 4(a)(5).

For the reasons that follow, the Court finds that Woods has not demonstrated excusable neglect or good cause for his late notice of appeal; and, thus, his motion for an extension under Rule 4(a)(5) should be **DENIED**.

I.

In December 2021, the Court issued a deficiency order and a magistrate judge's questionnaire. Doc. 6; Doc. 7. Woods failed to comply with both orders. Thus, on January 19, 2022, the Court extended the deadline to comply to February 9, 2022. Doc. 8. The order

cautioned Woods that (1) absent a showing of good cause, he would not be granted a further extension of the deadline and (2) failure to fully comply might result in the dismissal of the case under Federal Rule of Civil Procedure 41(b). Doc. 8.

On January 25, 2022, Woods filed a notice of address change, advising the court of his recent move to Corpus Christi, Texas. Doc. 9. In response, the Clerk of the Court mailed him a second copy of the January 19, 2022. *See* January 26, 2022 *Clerk's Notice of Delivery*. Woods did not respond to the order, however. Consequently, on February 22, 2022, the undersigned recommended that the Court exercise its discretion to dismiss under Rule 41(b), even if limitations might prevent further litigation of Woods' claims. Doc. 10. Woods did not file an objection to the report, which the district judge accepted and entered final judgment dismissing this action for lack of prosecution and for failure to comply with a court order on March 21, 2022. Doc. 11; Doc. 12. Review of the docket confirms that the recommendation, order of acceptance, and judgment were all mailed to Woods' Corpus Christi address.

As noted, the deadline for filing a timely notice of appeal was April 20, 2022. On May 5, 2022, Woods filed a *pro se* notice of appeal dated April 11, 2022. Doc. 13. In the one paragraph notice, Woods states *in toto*:

> I am writing in response to a phone call to 214-753-2200 the United State District For The Northern District of North Texas Dallas Division on March 21, 2022 at 14:08. I called to inquire about the status of my cases. I was informed by the clerk that my two of my cases have been dismissed and one is pending. I have not receive any correspondence from the court since my change of address was processed by the court. I want to appeal this decision based on not receiving any correspondence since my address change. I was not given a chance to respond to any of the courts questions. Your assistance in this matter is appreciated.

Doc. 13 (errors in original)

Following the partial remand, the Court granted Woods an opportunity to file a sworn declaration containing facts demonstrating the existence of good cause or excusable neglect that

would warrant an extension of the time to appeal under FED. R. APP. P. 4(a)(5). Doc. 17. In his unsworn response, Woods basically repeats his previous assertions:

> I am writing in response to a phone call to 214-753-2200 the United State District For The Northern District of North Texas Dallas Division on March 21, 2022 at 14:08. I called to inquire about the status of my cases. I was informed by the clerk that my two of my cases: have been dismissed and one is pending. The case numbers are USDC 3:21_CV-3028 and USDC 3: 21-CV-3027[.] I have not receive any correspondence from the court since my change of address was processed by the court. Also, I mailed the court about this issue on multiple occasions without a response from the USDC. I want to appeal this decision based on not receiving any correspondence since my address change. I was not given a chance to respond to any of the courts questions. Your assistance in this matter is appreciated.

Doc. 18 at 1 (errors in original).

## II.

A district court may extend the time for filing a notice of appeal by 30 days if the plaintiff can show excusable neglect or good cause for not meeting the deadline. *See* FED. R. APP. P. 4(a)(5)(A).[1] The question of whether there is excusable neglect under Rule 4(a)(5)

> is at bottom an equitable one, taking account all of the relevant circumstances surrounding the party's omission. These include . . . the danger of prejudice . . . , the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Stotter v. Univ. of Tex. at San Antonio*, 508 F.3d 812, 820 (5th Cir. 2007) (quoting *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). Excusable neglect is not limited to errors caused by circumstances beyond the late-filing party's control, but covers inadvertent delays, as well. *Pioneer*, 507 U.S. at 394-95. However, "inadvertence, ignorance of

---

[1] Under Rule 4(a)(5)(A) "[t]he district court may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause."

the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Id.* at 392.

Since this case was remanded, Woods has had ample opportunity to show whether good cause or excusable neglect entitles him to an extension of time to appeal under FED. R. APP. P. 4(a)(5). His response to the Court's order directing him to do so is neither sworn under penalty of perjury nor supported by an affidavit. Doc. 18. That fact notwithstanding, Woods does not explain or provide details regarding any impediment that prevented the timely filing of his notice of appeal. Woods merely reiterates in conclusory fashion that he did not receive a copy of the Court's orders even after his January 25th change-of-address notice and, thus, did not have "a chance to respond to any of the courts [sic] questions." Doc. 18 at 1. While Woods avers that he "mailed the court about this issue on multiple occasions without a response," he fails to explain why he never sought an extension of the time to object to the recommendation for dismissal or any reason he could not do so. Doc. 18 at 1. Also telling is that Woods does not even attempt to explain why or how the orders mailed to the address he provided for service were never received.

In any event, the facts and circumstances of his case belie his assertions. None of the orders sent to Woods—before or after his change of address notice—were ever returned to the Court as undeliverable. It is improbable that none of the Court's correspondence ever arrived at the address provided by Woods, and interestingly, he does not assert that is the case, only that he never received them. The facts as confirmed by the docket are that the day following Woods' address-change notice, the Clerk of the Court promptly re-mailed the January 19, 2022 order which, as noted, specifically referenced the two prior orders. The docket also reflects that the subsequent recommendation, order accepting, and judgment were likewise mailed to the address

provided by Woods.  Woods does not even attempt to explain why he never received the Court's correspondence.

Further, Woods does not aver that he was unaware of the December 2022 orders or the subsequent recommendation of dismissal, order accepting, or judgment from which he presumably seeks to appeal.  And to the extent he did not have actual copies of the orders, he does not explain how that prevented him from timely appealing or seeking an extension of the time to do so once he learned of the dismissal of his cases.

Woods' actions post his notice-of-address change are consistent with that of a litigant failing to diligently prosecute his claim.  As Plaintiff, Woods had the minimum responsibility of pursuing his claims.  Indeed, after filing his address-change notice on January 25, 2022, the docket reveals Woods took no further action with respect to this case until filing the *pro se* notice of appeal dated April 11, 2022.  Doc. 13.  Finally, it is wholly implausible that Woods mailed "multiple" pieces of correspondence to the Court when none was ever received or docketed.

On this record, the Court finds that Woods has failed to show that the untimely filing of the notice of appeal was due to excusable neglect or good cause.

III.

Based on the foregoing, the Court should **DENY** Woods' construed motion for extension of time to appeal under Fed. R. App. P. 4(a)(5).

**SO RECOMMENDED**, October 14, 2022.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).